# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEPHEN JAY McNALLY,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent,
_____/

Civil No. 04-73570-DT
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Stephen Jay McNally, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and failure to stop at the scene of a personal injury accident, M.C.L.A. 257.617. For the reasons stated below, petitioner's application for a writ of habeas corpus is denied.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. McNally,* 223059 (Mich.Ct.App. July 20, 2001); *aff'd* 470 Mich. 1; 679 N.W. 2d 301 (2004). This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Supreme Court's opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

1

On the afternoon of February 10, 1999, defendant and the victim, Harold VanDorn, met in a bar and decided to continue drinking together for the rest of the evening. By 10:00 P.M., both men were intoxicated. After visiting a fast-food restaurant and before reaching their next destination, the two men had a disagreement. They exchanged punches, which prompted VanDorn to leave the truck and start walking in the road.

Defendant drove away a short distance, but then made a U-turn and accelerated in VanDorn's direction. By the time defendant reached VanDorn, the truck was traveling at approximately forty-five miles an hour. At that point, defendant steered across the centerline at VanDorn, striking and killing him. The police arrested defendant one-half mile from the scene after a preliminary breath test indicated that defendant had a blood alcohol level of 0.207 grams per 210 liters of breath.

Defendant was prosecuted for murder. He did not testify, but his attorney offered two explanations for the accident: first, the truck's brakes and steering were defective; and second, defendant blacked out immediately before striking VanDorn. To rebut these explanations, the prosecutor called several mechanics who examined the truck's brakes and concluded they were not defective. To further rebut these explanations, the prosecutor, during his case-in-chief, elicited the following testimony of the arresting officer, Officer Cacicedo:
Q. At any point in time that evening, did the defendant indicate to you that he had lost control of the truck?
A. No.
Q. Did he ever indicate to you that there was any mechanical defect with the truck?
A. No.
Q. Did he ever indicate to you that he blacked out that evening?
A. No.
Q. Did he ever indicate to you that he couldn't remember things that happened that evening?
A. No.
*People v. McNally,* 470 Mich. at 3-4. [1]

Petitioner now seeks habeas relief on the following grounds:

---

[1] The prosecutor elicited similar testimony from Officers Hillman and Siladke, both of whom assisted in the stop of defendant's vehicle. *People v. McNally,* 470 Mich. at 4, n. 2.

I. Prosecutor elicited evidence of defendant's post-arrest, pre-*Miranda* silence.
II. Prosecutor made disparaging comments during closing arguments on rebuttal.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

3

### III. Discussion

#### A. Claim # 1. The post-arrest, pre-*Miranda* silence claim.

Petitioner first contends that the prosecutor improperly asked three police officers in the case-in-chief about petitioner's silence following his arrest, but prior to his *Miranda* rights being given to him. [2]

In rejecting petitioner's claim involving the prosecutor's use of his post-arrest silence, the Michigan Court of Appeals noted that petitioner did not object to the challenged testimony at trial and had failed to show "outcome-determinative plain error on appeal." *People v. McNally,* 223059, Slip. Op. at * 1. The Michigan Court of Appeals went on to rule that petitioner's pre-*Miranda* silence was not constitutionally protected, because the challenged testimony did not concern petitioner's silence during a custodial interrogation or silence made in reliance upon *Miranda* warnings. *Id.*

The Michigan Supreme Court granted petitioner leave to appeal with respect to petitioner's post-arrest, *pre-Miranda* silence claim. *See People v. McNally,* 467 Mich. 896; 654 N.W. 2d 328 (2002). On appeal, the Michigan Supreme Court noted that unpreserved constitutional errors are reviewed for plain error. *People v. McNally,* 470 Mich. at 5. The Michigan Supreme Court held that petitioner forfeited his claim of error

---

[2] Respondent contends that both of petitioner's claims are procedurally defaulted, because he failed to object to the prosecutor's questions or comments at trial and the Michigan appellate courts relied on this failure to object in rejecting petitioner's claims. Petitioner appears to argue that his trial counsel was ineffective for failing to object to these errors at his trial. Ineffective assistance of counsel may establish cause for procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

that the prosecutor elicited impermissible references to petitioner's pre-*Miranda* silence during its case-in-chief, because petitioner failed to object to the prosecutor's questions regarding petitioner's pre-*Miranda* silence, and these questions did not affect outcome of trial court proceedings. *Id.,* 470 Mich. 5-8.

A habeas court may only look at the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate,* 267 F. 3d 524, 530-31 (6th Cir. 2001). A habeas court cannot look to the decisions of this circuit, or other courts of appeals, when deciding whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.*

In the present case, the United States Supreme Court has not spoken dispositively on the issue of whether the use of a criminal defendant's post-arrest, pre-*Miranda* silence as substantive evidence violates the Fifth or Fourteenth Amendments. In fact, there appears to be a split in the circuits on this issue. A number of circuits have held that it is permissible for a prosecutor to use a criminal defendant's silence after he or she is arrested, but before *Miranda* warnings have been given, as substantive evidence. *See United States v. Frazier,* 408 F. 3d 1102, 1111 (8th Cir. 2005) (holding that when no governmental action induced post-arrest, pre-*Miranda* silence, it could be introduced as evidence of guilt); *United States v. Rivera,* 944 F. 2d 1563, 1568 (11th Cir. 1991) (prosecution may comment on a defendant's post-arrest silence prior to *Miranda*

warnings being given); *United States v. Love,* 767 F. 2d 1052, 1063 (4th Cir. 1985)(same); *Compare United States v. Moore*, 104 F. 3d 377, 385 (D.C.Cir. 1997)(introduction of defendant's pre-*Miranda* custodial silence violates the Fifth Amendment); *United States v. Whitehead* 200 F. 3d 634, 638 (9th Cir. 2000)(same).

In this case, the Michigan Court of Appeals' decision to uphold petitioner's conviction despite the use of his post-arrest, pre-*Miranda* silence as substantive evidence was not contrary to or unreasonable application of clearly established federal law, and thus doesd not warrant federal habeas relief, when, at the time of petitioner's trial, the constitutionality of using a criminal defendant's post-arrest, pre-*Miranda* silence as substantive evidence had not been addressed by United States Supreme Court and was the subject of disagreement among the federal circuit courts. *See Narlock v. Hofbauer,* 118 Fed. Appx. 34, 35 (6th Cir. 2004); *See also Valentine v. Alameida,* 143 Fed. Appx. 782, 783 (9th Cir. 2005)(same).

Assuming that the trial court erred in admitting this evidence, petitioner would still not be entitled to habeas relief. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

In affirming petitioner's conviction, the Michigan Supreme Court held that even if the prosecutor's questions constituted impermissible references to petitioner's

6

pre-*Miranda* silence, no violation of petitioner's substantial rights occurred for purposes of plain error review, in light of the overwhelming evidence of petitioner's guilt. *People v. McNally,* 470 Mich. at 6-7. The Michigan Supreme Court pointed to the fact that two witnesses testified that petitioner used his vehicle to run the victim over, and expert witnesses testified that although the steering and braking mechanisms of petitioner's truck were worn, the mechanisms were in working condition. The Michigan Supreme Court also noted that neither of the prosecutor's expert witnesses found any mechanical difficulties in the truck that would have caused petitioner to lose control of his vehicle or swerve uncontrollably, or any that would have prevented petitioner from stopping the truck. The Michigan Supreme Court observed that even petitioner's expert witness conceded that when he drove petitioner's truck, it always stopped when the brakes were applied and it did not deviate course from one lane to another. *Id.*

In light of the fact that there was substantial evidence that petitioner deliberately drove his truck at the victim and that his truck was in good working order, any references to petitioner's post-arrest, pre-*Miranda* silence was harmless error. *See Williams v. Straub,* 56 Fed. Appx. 259, 260 (6th Cir. 2003); *United States v. Bushyhead,* 270 F. 3d 905, 913-14 (9th Cir. 2001).

It is unclear whether petitioner is raising an independent ineffective assistance of counsel claim regarding his trial counsel's failure to object to his post-arrest, pre-*Miranda* silence in this case. However, because the Michigan appellate courts reviewed petitioner's post-arrest silence claim for plain error and found that petitioner's substantial

7

rights were not affected and that the error did not affect the outcome of the trial, petitioner is unable to show that he was prejudiced by counsel's failure to object. *See Moore v. United States,* 934 F. Supp. 724, 727-28 (E.D. Va. 1996). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The prosecutorial misconduct claim.**

Petitioner next contends that the prosecutor deprived him of a fair trial by stating that petitioner's defense "stunk" and was "fishy" just like his mother's tuna casserole.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). When analyzing a claim of prosecutorial misconduct, a court must initially decide whether the challenged statements were improper. *Boyle v. Million*, 201 F. 3d 711, 717 (6th Cir. 2000). If the conduct is improper, the district court must then examine whether the statements or remarks are so flagrant as to constitute a denial of due process and warrant granting a writ. *Id.* In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the

competent proof against the accused. *Serra,* 4 F. 3d at 1355-56.

In the present case, the prosecutor's comparison of petitioner's defense to his mother's tuna casserole did not deprive petitioner of a fair trial, because even if the prosecutor's comments about petitioner's defense were improper, they were not flagrant. *See Henley v. Cason,* ---- Fed. Appx.----; 2005 WL 3019783, * 1 (6th Cir. November 10, 2005). In this case, the prosecutor's sarcastic comments were not so incendiary so as to inflame the jury's passion or distract them from determining petitioner's guilt or innocence. *See Davis v. Burt,* 100 Fed. Appx. 340, 348 (6th Cir. 2004). The prosecutor's entire closing and rebuttal arguments was nineteen pages (T. 08/26/99, pp. 5-17, 38-43). The prosecutor's remarks were relatively isolated, were not extensive, and were only a small part of a closing argument that focused heavily on summarizing the evidence presented at trial. *Byrd v. Collins*, 209 F. 3d 486, 532 (6th Cir. 2000). When combined with the instruction from the trial judge that the attorneys' arguments, questions, and statements were not evidence (*Id.,* p. 46), the prosecutor's isolated comment comparing petitioner's defense to his mother's tuna casserole did not render the entire trial fundamentally unfair. *Id.* at 533.

Because the court has concluded that the prosecutor's questions or remarks did not prejudice petitioner so as to deprive him of a fair trial, any claim that counsel rendered ineffective assistance by failing to object to the prosecutor's remarks must also be rejected. *See Millender v. Adams,* 187 F. Supp. 2d 852, 876 (E.D. Mich. 2002); *aff'd* 376 F. 3d 520 (6th Cir. 2004); *cert den*. 125 S. Ct. 1645 (2005). Petitioner is not entitled to

habeas relief on his second claim.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**


                                    s/John Corbett O'Meara
                                    John Corbett O'Meara
                                    United States District Judge


Dated:  January 20, 2006